UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0066(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| RYAN RANDALL GILBERTSON, | |
| Defendant. | |

Joseph H. Thompson and Kimberly A. Svendsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

William J. Mauzy and Kaitlin Ek, MAUZY LAW OFFICE PA, for defendant Ryan Gilbertson.

Defendants Ryan Gilbertson and Douglas Hoskins are charged with wire fraud, securities fraud, and conspiracy to commit securities fraud in connection with an alleged scheme to manipulate the price of the stock of Dakota Plains Holdings, Inc. This matter is before the Court on Gilbertson's objection to Magistrate Judge Hildy Bowbeer's February 20, 2018 order regarding a number of pretrial motions. In particular, Gilbertson objects to (1) the denial of his motion for a bill of particulars and (2) the partial denial of his motion to compel production of materials under *Brady v. Maryland*, 373 U.S. 83 (1963).

A magistrate judge's ruling on nondispositive motions may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim.

P. 59(a). Having reviewed Judge Bowbeer's order, the Court finds nothing clearly erroneous or contrary to law. The order is therefore affirmed.

With respect to Gilbertson's motion for a bill of particulars: The Court agrees with Judge Bowbeer that the 24-page superseding indictment[1]—which contains an extensive and detailed factual description of the alleged fraudulent scheme—is more than sufficient to enable Gilbertson to prepare for trial. *See United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (purpose of bill of particulars is to enable the defendant to prepare for trial, to avoid the risk of surprise to the defendant, and to permit the defendant to plead acquittal or conviction to bar another prosecution for the same offense). The Court therefore affirms Judge Bowbeer's denial of Gilbertson's motion for a bill of particulars.

With respect to Gilbertson's motion to compel *Brady* materials: Gilbertson seeks certain evidence in the possession of the Securities and Exchange Commission ("SEC"). The SEC investigated the alleged fraudulent scheme at issue in this case and, in 2016, brought a civil-enforcement action against Gilbertson. *SEC v. Gilbertson*, No. 16-CV-3779 (DWF/HB). That action remains pending, although Judge Bowbeer, who is also

---

[1] After Judge Bowbeer issued her order, the prosecution obtained a superseding indictment charging additional offenses. ECF No. 133. The factual allegations in the superseding indictment appear to be materially identical to those in the original indictment.

assigned to that case, recently stayed further depositions in that matter until the resolution of this criminal case. *Id.* ECF Nos. 103, 112.

The SEC has turned over some of its civil investigative and discovery materials to the prosecution. The prosecution has, in turn, either produced or agreed to produce all of those materials to the defense. The SEC has refused, however, to turn over its notes of untranscribed witness interviews. The Department of Justice ("DOJ") participated in three of those interviews. Consequently, Judge Bowbeer found that the prosecution has an obligation to review any documents in the SEC's possession that arose from those three joint interviews and produce any *Brady* material to the defense. With respect to all remaining material solely in the SEC's possession, however, Judge Bowbeer held that the prosecution has no obligation to obtain or review it. Gilbertson objects to this aspect of Judge Bowbeer's order.

Under *Brady*, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The issue here is whether the SEC "act[ed] on the government's behalf" in this case—specifically, whether the SEC acted on behalf of the prosecutors when it investigated and brought civil proceedings against Gilbertson. The parties do not dispute the relevant legal standard: Whether the prosecution has a duty to conduct a *Brady* review of materials in the possession of

another government agency depends on a fact-intensive inquiry into the extent to which the agencies conducted a joint investigation. *See* ECF No. 131 at 4 (Gilbertson's objection discussing the "joint investigation" standard); *see generally United States v. Meregildo*, 920 F. Supp. 2d 434, 440-44 (S.D.N.Y. 2013) (describing various factors relevant in determining whether there was a joint investigation).

Applying this standard, Judge Bowbeer carefully reviewed the extent to which the SEC and the DOJ acted jointly. As noted, Judge Bowbeer is the magistrate judge both in this case and in the SEC's civil-enforcement action. She is therefore intimately familiar with both cases and the nature and extent of each agency's cooperation with the other. Judge Bowbeer found that the SEC and the DOJ acted jointly only in interviewing three witnesses, and she ordered the prosecutors to obtain the materials relevant to those joint interviews from the SEC and conduct a *Brady* review. Otherwise, Judge Bowbeer found that the SEC's and the DOJ's investigations were separate and thus that the SEC was not part of the prosecution team.

Gilbertson does not identify any factual error or other flaw in Judge Bowbeer's analysis. He simply argues that it is unfair for the prosecution to "tak[e] a selective approach to obtaining information and documents [from the SEC]." ECF No. 131 at 5. But there is no evidence that the DOJ sought—or that the SEC produced—only evidence that would be helpful to the prosecution. The SEC took 17 depositions, all without the

involvement of the DOJ; the SEC turned over transcripts of *all* of those depositions to the prosecution, which, in turn, produced them to defendants. The SEC also conducted more than a dozen informal interviews, all (save three) without the involvement of the DOJ; the SEC refused to turn over *any* of its notes regarding those interviews to the prosecution on the grounds that those notes are protected work product. Clearly, then, this is not a case in which the prosecution has deliberately failed to review documents to which it otherwise has access.[2] *Cf. United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) ("This attendant duty to learn of material and favorable exculpatory or impeachment evidence necessarily anticipates that a prosecutor will have an opportunity to discover such evidence through the exercise of reasonable diligence.").

Gilbertson also cites two cases in which the government violated *Brady* by failing to produce evidence relating to SEC investigations. *See United States v. Parker*, 790 F.3d 550 (4th Cir. 2015); *United States v. Mahaffy*, 693 F.3d 113 (2d Cir. 2012). Both of those cases are distinguishable, however.

In *Mahaffy*, "[t]he prosecutions were products of close collaboration between the United States Attorney's Office and the SEC . . . ." *Mahaffy*, 693 F.3d at 122. Among

---

[2] As other courts have noted, the extent to which prosecutors have a duty to obtain *available* materials from other government agencies is a difficult question. The Court does not mean to imply that a prosecutor always has a duty to obtain any and all materials that another government agency is willing to make available. Instead, the Court merely observes that Gilbertson's specific objection lacks a factual basis.

other things, attorneys from both offices worked together as trial counsel in the criminal cases and the SEC staff attorney who conducted depositions on the SEC's behalf was designated as an Assistant United States Attorney. *Id.* More importantly, the prosecutors possessed copies of the deposition transcripts that contained the undisclosed *Brady* material. *Id.* at 122-23. *Mahaffy* is thus a straightforward *Brady* case in which the prosecution failed to disclose exculpatory evidence in its possession.

Similarly, in *Parker*, the prosecution failed to disclose the fact that an important government witness was the subject of an active SEC fraud investigation. *Parker*, 790 F.3d at 556-57. As in *Mahaffy*, the prosecutors themselves knew of the impeaching evidence and failed to disclose it. Like *Mahaffy*, then, *Parker* is simply a straightforward application of *Brady*.

In this case, however, Gilbertson argues that the prosecutors have an obligation to produce evidence that they do *not* possess and information of which they are *not* aware. Neither *Mahaffy* nor *Parker* establishes that a prosecutor must conduct a *Brady* review of materials that are in the possession of a government agency that did not participate in the prosecution of the defendant and that has refused to make the materials available to the prosecutor. The Court therefore finds nothing clearly erroneous or contrary to law in Judge Bowbeer's order denying Gilbertson's motion for

a *Brady* review of materials that are solely in the possession of the SEC and not available to the DOJ.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant Ryan Gilbertson's objection [ECF No. 131] is OVERRULED and Judge Bowbeer's February 20, 2018 order [ECF No. 128] is AFFIRMED.

Dated:  April 23, 2018                             s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge